IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| V. § | No. 3:18-cr-165-K (01) |
| § | |
| NATALIE DENISE MINCEY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Natalie Denise Mincey was convicted of Importation of a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 952(a), and Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and she was sentenced to a custodial sentence of 1 year and 1 day and a 3-year term of supervised release. Her supervised release was first revoked in April 2019, and she was sentenced to 4 months in custody and 2 years of supervised release. On December 18, 2019, the Court again revoked her supervised release, sentencing her to 6 months in custody, imposing no further term of supervised release.

Mincey, incarcerated at FMC Carswell, in this district, sent a letter to the Court postmarked April 10, 2020, requesting that she be considered for early release based on the COVID-19 pandemic. *See* Dkt. No. 42 (although the BOP online inmate locator reflects that she is 24 years old, in her motion, she asserts that she has moderate asthma and was born with a heart condition and that there is one confirmed case of COVID-19 (and several suspected cases) where she is incarcerated).

United States District Judge Ed Kinkeade referred the construed motion for

early release to the undersigned United States magistrate judge. *See* Dkt. No. 43.

"'A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. Methods of altering a sentence after it has been entered include a direct appeal, a collateral attack under 28 U.S.C. §§ 2241 or 2255, a motion under 18 U.S.C. § 3582(c), and a motion under Federal Rule of Criminal Procedure 36.'" *United States v. Hernandez*, No. 3:08-cr-268-B (03), 2016 WL 1039540, at *2 (N.D. Tex. Feb. 19, 2016) (quoting *United States v. Martinez*, No. 1:09-cr-74 TS, 2014 WL 2515315 (D. Utah June 4, 2014)), *rec. accepted*, 2016 WL 1028236 (N.D. Tex. Mar. 15, 2016). Of these, Mincey's motion should be construed as brought under Section 3582(c)(1)(A), which, as amended by the First Step Act of 2018, now "allows a federal prisoner to file a motion for compassionate release after exhausting all administrative appeals of a refusal by the BOP to bring such a motion on the prisoner's behalf." *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019).

But Mincey's construed Section 3582(c)(1)(A) motion makes no mention that she presented her request for compassionate release to the BOP, much less that the BOP considered and refused any such request. *See generally* Dkt. No. 42.

> Section 3582(c)(1)(A), at a minimum, expresses Congress's strong and distinct preference for the BOP to be the initial gatekeeper for inmates' compassionate release requests, in recognition of the fact that the BOP "is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan." *United States v. Gross*, Crim. A. No. 15-769, 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020) (quotation omitted). The BOP is also undoubtedly in the best position to assess any risks that might be posed to an inmate by his prison environment and the COVID-19 virus circulating within it.

*United States v. Jemal*, Cim. A. No. 15-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) (concluding that the court must "give the BOP a reasonable opportunity to address Defendant's request in the first instance" but refusing to "rigidly adhere to the statutory directive that the BOP be provided up to thirty days to address Defendant's compassionate release request, without considering a futility exception to exhaustion").

Most courts, including at least two district courts in this circuit, have enforced the administrative exhaustion requirement on motions like Mincey's, requesting compassionate release based on COVID-19. *See, e.g., United States v. Orellana*, No. 4:17-CR-0220, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020) (no attempt to request relief from warden); *United States v. Clark*, Crim. A. 17-85-SDD-RLB, 2020 WL 1557397, at *1, *3 (M.D. La. Apr. 1, 2020) (requested relief from warden, but warden had taken no action prior to defendant's filing motion); *see also United States v. Feiling*, Crim. No. 3:19cr112 (DJN), 2020 WL 1821457, at *4-*5 (E.D. Va. Apr. 10, 2020) (collecting cases).

And district courts that have waived the exhaustion requirement completely were faced with compassionate release requests made by inmates with less than 30 days of imprisonment remaining. *See, e.g., United States v. Perez*, ___ F. Supp. 3d ____, No. 17 Cr 513-3 (AT), 2020 WL 1546422, at *2-*3 (S.D.N.Y. Apr. 1, 2020) (concluding that, there, "delaying release amount[ed] to denying relief altogether. Perez has less than three weeks remaining on his sentence, and pursuing the administrative process would be a futile endeavor; he is unlikely to receive a final

decision from the BOP, and certainly will not see 30 days lapse before his release date. Perez asks that his sentence be modified so that he can be released now, and not on April 17, 2020, because remaining incarcerated for even a few weeks increases the risk that he will contract COVID-19. He has had two surgeries while incarcerated, and continues to suffer severe side effects such as ongoing pain and persistent vision problems."); *see also United States v. McCarthy*, Crim. Case Nos. 3:17-CR-0230 (JCH) & 3:92-CR-0070 (JCH), 2020 WL 1698732, at *3-*4 (D. Conn. Apr. 8, 2020) (waived where defendant only had 26 days of imprisonment remaining).

Considering that Mincey's projected release date is – as reflected in her motion and confirmed by the BOP's online inmate locator – June 5, 2020, exhaustion – or, at a minimum, allowing "the BOP a reasonable opportunity to address [Mincey's] request in the first instance," *Jemal*, 2020 WL 1701706, at *3 – is not futile.

The Court should therefore afford BOP the first opportunity to address Mincey's request for compassionate release based on the COVID-19 pandemic and deny this motion without prejudice. *See, e.g., Orellana*, 2020 WL 1853797, at *1 ("Defendant has not alleged that he has made any request to the warden of Cumberland FCI or otherwise sought relief within the BOP. Because Defendant has not attempted to exhaust his administrative rights, the Court is unable to grant compassionate release. However, this Order does not bar Defendant from later seeking relief again once he has filed the requisite request with the warden of Cumberland FCI. Indeed, Defendant may consider refiling a motion for compassionate release before the thirty-day exhaustion period completely runs, given

the extraordinary circumstances surrounding the spread of the novel coronavirus within prisons and other detention facilities." (citations omitted)).

## Recommendation

The Court should deny without prejudice Defendant Natalie Denise Mincey's construed 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release [Dkt. No. 42].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 20, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE